NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCELINO CRUZ-VASQUEZ, | No. 22-159 |
| Petitioner, | Agency No.    A206-350-538 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 09, 2023[**]
San Francisco, California

Before: FRIEDLAND and R. NELSON, Circuit Judges, and KATZMANN,[***]
Judge.

Marcelino Cruz-Vasquez, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals (BIA) affirming an

immigration judge's (IJ) denial of his applications for withholding of removal,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

protection under the Convention Against Torture (CAT), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition in part and dismiss it in part.

We review factual findings underlying the BIA's denials of withholding of removal and CAT relief for "substantial evidence" and review questions of law de novo. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). To reverse the BIA under the substantial evidence standard, we must determine "'that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion' that the petitioner meets the requisite standard for obtaining relief." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (alteration in original) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)).

Courts generally lack jurisdiction to review "'any judgment regarding the granting of relief under . . . [8 U.S.C. §] 1229b,' which governs, among other forms of relief, cancellation of an order of removal." *De La Rosa-Rodriguez v. Garland*, 49 F.4th 1282, 1285 (9th Cir. 2022) (alteration in original) (quoting 8 U.S.C. § 1252(a)(2)(B)(i)). But we retain jurisdiction over "colorable" constitutional claims or questions of law. *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009); *see also De La Rosa-Rodriguez*, 49 F.4th at 1287–88.

1. Substantial evidence supports the BIA's conclusion that Cruz-Vasquez had "not established the requisite nexus between the claimed past harm or the feared future harm and a protected ground" for Cruz-Vasquez's withholding-of-

removal claim. The IJ found that the evidence at most revealed a fear that he would be "an attractive victim for crime," and the BIA concluded that Cruz-Vasquez had cited no evidence undermining the notion that he feared only "general violence and civil strife." *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that random violence and gang activity bears no nexus to a protected ground). In his petition for review, Cruz-Vasquez fails to point to any evidence that compels the contrary conclusion. Rather, he argues that the BIA could not properly evaluate nexus without first determining whether he presented a cognizable social group. But nexus is an independent element of a claim for withholding of removal, and the "lack of a nexus to a protected ground is dispositive" to such a claim. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). The BIA did not err by resolving the claim on this dispositive ground.

Additionally, Cruz-Vasquez's only substantive complaint about the IJ's and BIA's nexus determinations is that they failed to apply the proper standard for withholding-of-removal claims set forth in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017): whether a protected ground is "a reason" (rather than a "central reason") for the harm inflicted or feared. That is, however, the precise standard recited by both the IJ and BIA, and Cruz-Vasquez fails to explain how either failed to properly apply it.

2. Substantial evidence also supports the denial of CAT relief. Cruz-Vasquez never suffered torture in the past. *Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005) ("Past torture is the first factor we consider in evaluating the

likelihood of future torture."). Cruz-Vasquez instead argues that the IJ wrongly minimized his evidence about the likelihood of future torture and failed to apply the proper factors. But he fails to cite evidence that compels the conclusion that he would more likely than not be tortured, *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010), or provide any explanation compelling the further conclusion that he "meets the requisite standard for obtaining relief," *Garcia-Milian*, 755 F.3d at 1031.

3. Finally, we have no jurisdiction to review the agency's decision as to Cruz-Vasquez's claim for cancellation of removal. The BIA agreed with the IJ that Cruz-Vasquez "did not demonstrate that his return to Mexico would result in exceptional and extremely unusual hardship to his United States citizen children." Cruz-Vasquez contends that the BIA deprived him of due process by failing to address specific facts—his "illiteracy and lack of employment opportunities"—in considering his hardship. At bottom, this is "nothing more than an argument that the [agency] abused [its] discretion." *Mendez-Castro*, 552 F.3d at 978 (internal quotation marks omitted) (quoting *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005)). Such an argument is not a colorable constitutional claim, and we accordingly lack jurisdiction to review it. *See id.* at 980.

**PETITION DENIED in part and DISMISSED in part.**